Luke Andrew Busby, Ltd.
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES O'DOAN,<br><br>             Plaintiff(s),<br><br>     vs.<br><br>RENO POLICE OFFICER JOSHUA SANFORD, RENO POLICE OFFICER CADE LEAVITT, and THE CITY OF RENO, a political subdivision of the State of Nevada; and JOHN DOES I through X, inclusive<br><br>             Defendant(s).<br>————————————————/ | Case No.  3:17-cv-00293-LRH-VPC<br><br>**CASE MANAGEMENT REPORT**<br><br>**SUBMITTED IN COMPLIANCE WITH ORDER SETTING CASE MANAGEMENT CONFERENCE** |

Pursuant to the requirements of the Court's June 2, 2017 Order Setting Case Management Conference, Plaintiff and Defendant hereby submit the following Case Management Report in the above captioned matter.

***1. A short statement of the nature of the case (three pages or less), including a description of each claim and defense***

### a.  Plaintiff's Allegations and Claims

James O'Doan has a long and well documented history of suffering from epilepsy. Epilepsy is a neurological disorder marked by sudden recurrent episodes of sensory disturbance, loss of consciousness, or convulsions, associated with abnormal electrical

activity in the brain, commonly described as seizures.  The Plaintiff alleges that on July 15, 2016, after he suffered a seizure in the shower, the Defendant Police Officers used excessive force in arresting the Plaintiff and that the charging of the Plaintiff was in violation of the Plaintiff's Constitutional rights and various other laws.  The Plaintiff alleges that before encountering O'Doan, Sanford and Leavitt knew that O'Doan was an epileptic and that O'Doan had suffered a seizure.  In other words, before encountering O'Doan, Sanford and Leavitt were advised of the situation they were approaching and knew that O'Doan was suffering from a medical condition and was not a suspect fleeing the scene of a crime.  The Plaintiff alleges that despite this knowledge, the Defendant Sanford used excessive force in arresting the Defendant by judo throwing the Plaintiff on his head, and then that Sanford and Leavitt unlawfully charged the Plaintiff with various crimes with knowledge that the Plaintiff was suffering from a medical condition.  The Amended Complaint alleges that the use of force by Sanford against the Plaintiff was excessive, unlawful, and unreasonable, causing injury and physical pain and suffering to the Plaintiff.

The Plaintiff has brought the following claims: (1) Violation of the Americans with Disabilities Act ("ADA") 42. U.S.C. Section 12132 against the City of Reno; (2) Excessive Force in violation of the 4th and 14th Amendments, 42 U.S.C. Section 1983, against Sanford; (3) Unlawful seizure in violation of the 4th Amendment, 42 U.S.C. Section 1983, against Sanford and Leavitt; (4) Violation of Due Process under the 14th Amendment, 42 U.S.C. Section 1983, against Sanford and Leavitt; (5) Assault and battery against Sanford; (6) False arrest, against Sanford and Leavitt; and (7) False imprisonment, against Sanford and Leavitt.

**b. The Defendants' Defenses**

The Defendant's claim that none of them did anything inappropriate or illegal, and that all actions taken by Sanford and Leavitt were objectively reasonable under the totality of circumstances.  They deny all Plaintiff's claims of liability and damages and are currently seeking dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6).  As a Motion to Dismiss is pending, no answer has been filed, nor affirmative defenses asserted.  However, Defendants defenses will include failure to state a claim for which relief can be granted, qualified immunity and lack of *Monnell* liability.  Defendants reserve the right to assert any

and all defenses which are applicable if the case progresses.

*2. A description of the principal factual and legal disputes in the case*

The Plaintiff believes the principal factual and legal disputes in this case include, but are not limited to: (1) Whether the amount of force used on O'Doan was excessive given the totality of the circumstances in the case; (2) Whether the Defendants knew that O'Doan was epileptic and had suffered a seizure before O'Doan was arrested and charged; and (3) Whether the Defendant's took O'Doan's disability into account when arresting and charging O'Doan.

In addition to the issues identified by the Plaintiff, the Defendants believe the principal factual and legal disputes in this case include, but are not limited to: (1) Whether the ADA is applicable to the incidents at issue; (2) Whether the ADA was violated; (3) Whether O'Doan committed criminal acts; (4) Whether O'Doan may be charged for his criminal acts; (5) Whether O'Doan has epilepsy and had an epileptic attack or other condition resulting from epilepsy at the time he was arrested; (6) Whether O'Doan took proper precautions to avoid the incident at issue; (7) Whether O'Doan used drugs or other took other actions which led to his condition and actions at the time of the incident; and (8) Whether O'Doan was capable of communication, understanding and/or controlling his actions at the time of the incident at issue.

*3. The jurisdictional bases for the case, citing specific jurisdictional statutes*

This action arises under 42 U.S.C. Section 1983 and  42 U.S.C. Section 12132.  This Court has jurisdiction of this action pursuant to 28 U.S.C. Sections 1331, 1343, 1367, 2201 and 42 U.S.C. Sections 1983 and 1988 and 42 U.S.C. Section 12132.

*4. Any parties who have not been served and an explanation why they have not been served; and any parties which have been served but have not answered or otherwise appeared*

All of the named parties have been served and/or have appeared in the case.

*5. A statement whether any party expects to add additional parties to the case or otherwise amend the pleadings (the court will set a deadline to join parties or amend pleadings at the case management conference)*

No additional parties are expected to be named and no further amendments are

expected to be filed.

**6. A list of contemplated motions and a statement of issues to be decided by these motions;**

The Plaintiff does not anticipate any motion practice at this time.

Defendants have filed a Motion to Dismiss (ECF #10).  Additionally, if the case continues, Defendants anticipate seeking summary judgment or dismissal based on the information obtained and developed during litigation.

**7. Whether there are any pending motions that may affect the parties' abilities to comply with a case management order, including a brief description of those motions;**

The Defendant has filed a Motion to Dismiss (Doc. 10) this matter, to which the Plaintiff has filed a Response in Opposition (Doc 16).  The Motion to Dismiss is pending. The Motion to Dismiss will not affect the parties' ability to comply with a case management order.

**8. The status of related cases pending before other courts or other judges of this court**

The criminal charge brought against Plaintiff was dismissed without prejudice and is still subject to re-filing.

**9. Any further supplemental discussion of necessary discovery, including:**

The parties have filed a Proposed Discovery Plan and Scheduling Order (Doc. 17).

**a. The extent, nature, and location of discovery anticipated by the parties;**

The parties believe that the discovery in this matter will largely consist of written discovery requests, the exchange of records, including medical records, depositions, subpoenaing third parties, and any other necessary discovery under the Rules of Civil Procedure, most of which is expected to occur in or around Reno, Nevada.  Discovery in this matter should be relatively moderate in size and scope.  Defendants reserve the right to conduct examinations under Fed. R. Civ. P. 35.

**b. Suggested revisions, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and LR 26(1)(b);**

None

**c. The number of hours permitted for each deposition, unless extended by the parties.**

The hours for depositions should be limited in accordance with FRCP 30(d).

4

**10. A discussion of any issues relating to the disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (see Fed. R. Civ. P. 16(b)(3)(B)(iii), 26(f)(3)(C); and 33(d))**

There are no such issues at this time.

**11. A discussion of any issues related to claims of privilege or work product (see Fed. R. Civ. P. 16(b)(3)(B)(iv) and 26(f)(3)(D));**

There are no such issues at this time.

**12. Unless the discovery plan and scheduling order otherwise provide and the court so orders, the parties' Fed. R. Civ. P. 26(a)(3) disclosures and objections thereto**

The parties have filed a Proposed Discovery Plan and Scheduling Order (Doc. 17).

**13. In the event the Court has not already approved a discovery plan and scheduling order, the parties shall include proposed dates for each of the following pursuant to Local Rule 26-1**

**a. A deadline for the completion of discovery (see LR 26-1(b)(1));**

November 27, 2017

**b. A deadline for amending the pleadings and adding parties (see LR 26- 1(b)(2))**

August 29, 2017.

**c. Dates for complete disclosure of expert testimony (see Fed.R.Civ.P. 26- 1(a)(2)(A)-(C) and LR 26-1(b)(3))**

September 28, 2017 and October 30, 2017 for rebuttal.

**d. A deadline for the filing of dispositive motions (see LR 26-1(b)(4)); and**

December 27, 2017.

**e. A date by which the parties will file the joint pretrial order (see LR 26- 1(b)(5))**

January 26, 2018.

**The parties shall state whether the dates proposed in ¶ 13 are within the deadlines specified in LR 26-1(e). If so, then the parties' report shall state, "THE DEADLINES SUBMITTED HEREIN ARE IN COMPLIANCE WITH LR 26-1(b)." If longer deadlines are sought, the parties' report shall state "SPECIAL SCHEDULING REVIEW REQUESTED." If the parties request special scheduling review of the LR 26-1(b)**

*deadlines, the parties shall include a statement of the reasons why longer or different time periods should apply to the case. If the parties disagree as to the LR 26-1(b) deadlines, a statement of each party's position on each point of dispute should be provided.*

THE DEADLINES SUBMITTED HEREIN ARE IN COMPLIANCE WITH LR 26-1(b).

*14. If this is a patent case, the parties shall review the Local Patent Rules LPR 1-1 through 1-23 and include proposed dates for all required disclosures, statements, and claim construction briefing pursuant to the attached chart*

This is not a patent case.

*15. The parties must certify that they met conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation (LR 26-1(b)(7). The parties shall include the prospects for settlement, including any request of the court for assistance in settlement efforts*

The parties have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

*16. Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth reasons). The estimated length of trial and any suggestions for shortening the trial. The parties must certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01) (LR 26-1(b)(8);*

The Plaintiff has demanded a Jury Trial.  The Plaintiff's request for jury has not been contested.  The parties estimate that a trial in this matter will be one week long. The parties have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

*17. Any other matters that will aid the court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Fed. R. Civ. P. 1 and LR 1. Counsel for all parties are expected to comply fully with the Federal Rules of Civil Procedure and this court's Local Rules to minimize the expense of discovery.*

The parties have no such request at this time.

Respectfully Submitted.

By: _____ Dated: **6-15-17**

       Mark Hughs, Esq.
       Reno City Attorney
       1 East First St.
       Reno, Nevada 89501
       *Attorney for the Defendants*

By: _____ Dated: 6-15-2017

       Luke Andrew Busby, Ltd.
       Nevada State Bar No. 10319
       216 East Liberty St.
       Reno, NV 89501
       775-453-0112
       luke@lukeandrewbusbyltd.com
       *Attorneys for the Plaintiff*