Luke Andrew Busby, Ltd.
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JAMES O'DOAN,

        Plaintiff(s),
vs.

RENO POLICE OFFICER JOSHUA SANFORD, RENO POLICE OFFICER CADE LEAVITT, and THE CITY OF RENO, a political subdivision of the State of Nevada; and JOHN DOES I through X, inclusive

        Defendant(s).
_____/

Case No. 3:17-cv-00293-LRH-VPC

ORDER
AMENDMENT TO STIPULATED EXTENSION OF DISCOVERY PLAN AND PROPOSED SCHEDULING ORDER

FIRST REQUEST

Pursuant to the Court's September 20, 2017 Minute Order denying without prejudice the parties' stipulation, Plaintiff and Defendant hereby submit the following Amendment to Stipulated Extension to the Discovery Plan and Proposed Scheduling Order in the above captioned matter.

This is the first extension to the discovery deadlines in this case sought by the parties. This request is sought because of the complex nature of the claims, defenses, and medical issues that must be explored by the parties during discovery, as explained in detail below.

///

///

1

In compliance with Local Rule 26-4, the parties state the following:

**(a) The discovery completed:**

The Plaintiff has provided the Defendant with his FRCP 26 initial disclosures on June 26, 2017 and four supplements thereto, submitted interrogatories to each of the named Defendants and several witnesses who are employees of the City of Reno, and submitted a request for production to the City of Reno. Responses to the Plaintiff's above described discovery are due in early October. The Plaintiff has disclosed one non-retained expert, who is a Nurse Practitioner who treats the Plaintiff's epilepsy and who treated the Plaintiff shortly after the incident in question.

The Defendants made their initial FRCP 26 disclosures on June 20, 2017. Each Defendant has propounded interrogatories to the Plaintiff, the responses to which the Defendants are awaiting. Additionally, Plaintiff has been served with requests for production and requests for admission. All written discovery responses from Plaintiff are due no later than October 2, 2017. Also, Defendants have obtained authorizations for the release of medical, and other, information from Plaintiff, and to the extent possible, have requested such information from third parties. However, until Defendants receive from Plaintiff the identification of other third parties in response to interrogatories, not all such requests can be made.

**(b) Discovery that remains to be completed:**

The Plaintiff would like to disclose additional experts, one on the issue of the Plaintiff's medical condition, another related to the excessive force and battery claim against Defendant Sanford, and another on aspects of the Americans with Disabilities ("ADA") claim brought against the City of Reno. The Plaintiff would also like to depose several witnesses that saw what happened on the night in question.

The Defendant will likely want to depose one or more expert witnesses when they are disclosed by Plaintiff, and depose the Plaintiff, and perhaps medical providers and percipient witnesses to the event at issue, once Defendants have received other information they are seeking through the above-referenced written discovery and requests to third parties. Additionally, Plaintiff has recently produced a video of a previously undisclosed event

involving the Plaintiff which occurred subsequent to the incident at issue, upon which Defendants anticipate the need for conducting written discovery and depositions.

**(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan:**

On May 30, 2017 the Defendants filed a Motion to Dismiss (ECF #10) this matter. On June 9, 2017 the Plaintiff responded to the Motion to Dismiss (ECF #16). On June 15, 2017, the Defendant then filed a Reply (ECF # 18). The parties are unsure of the final scope of discovery that will be conducted in this matter because the parties are unsure as to which claims will be permitted to proceed by the Court. The Defendant has yet to obtain all of the medical records it desires, which may be a time consuming and laborious process.

The Defendants' formation of written discovery required review of documentary information obtained from third parties and/or not available until Plaintiff provided it under Rule 26. Additionally, between September 13 and 20, Defendants received three supplemental disclosures of witnesses and/or things from Plaintiff, which will require investigation and probably follow-up written discovery. Moreover, Defendants are not in a position to take depositions of certain witnesses and medical providers until discovery response material and/or information which is not yet available is received and reviewed.

**(d) A proposed schedule for completing all remaining discovery:**

The parties request that all applicable discovery deadlines be extended for a period of 90 days from the existing deadlines as indicated below:

1. Discovery Cut-Off Date:

All discovery must be completed no later than **February 26, 2018**. When producing documents responsive to a discovery request, the documents shall be numbered and the responsive documents shall be specifically referred to by bates-number in the response.

2. Amending the Pleadings and Adding Parties:

The date for filing motions to amend the pleadings or to add parties shall not be later than ninety (90) days prior to the discovery cut-off date and, therefore, not later than **November 27, 2017**. Any party causing additional parties to be joined or brought to this action shall contemporaneously therewith cause a copy of this Order to be served upon the

new party or parties.

3. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):**

The last day for disclosures required by Fed. R. Civ. P. 26(a)(2) concerning experts shall be **December 27, 2017**. The last day for disclosures regarding rebuttal experts shall be **January 29, 2018**.

4. **Dispositive Motions:**

The parties shall file dispositive motions not more than thirty (30) days after the discovery cut-off date and, therefore, not later than **March 27, 2018**.

5. **Pretrial Order:**

If no dispositive motions are filed, and unless otherwise ordered by this Court, the Joint Pretrial Order shall be filed not more than thirty (30) days after the date set for filing dispositive motions and, therefore, not later than **April 26, 2018**. In the event dispositive motions are filed, the last day to file the Joint Pretrial Order shall be suspended until thirty (30) days after the ruling on the dispositive motions.

6. **Interim Status Reports:**

In accordance with Local Rule 26-3, an Interim Status Report will be filed by the parties with the Court sixty (60) days prior to the discovery cut-off date, and therefore, not later than **December 27, 2017**.

7. ~~Extensions or Modifications of the Discovery Plan and Scheduling Order:~~

In accordance with Local Rule 26-4, a ~~stipulation~~ or motion for modification or ~~extension of this discovery plan and scheduling order must~~ be made no later than ~~twenty~~-one (21) days prior to the discovery cut-off date, and therefore, not later than **February 4, 2018**.

///
///
///
///
///
///

4

IT IS SO STIPULATED.

By: _____/s/ Mark Hughs_____ Dated: 9/21/2017

Mark Hughs, Esq.
Reno City Attorney
1 East First St.
Reno, Nevada 89501
*Attorney for the Defendants*

By: _____[signature]_____ Dated: 9/21/2017

Luke Andrew Busby, Ltd.
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorneys for the Plaintiff*

**ORDER**

*There will be no further extensions of this order. VPC*

IT IS SO ORDERED.

September 27, 2017
DATED

_____[signature]_____
UNITED STATES MAGISTRATE JUDGE