UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES O'DOAN, | Case No. 3:17-cv-00293-LRH-VPC |
| Plaintiff, | ORDER |
| v. | |
| JOSHUA SANFORD, CADE LEAVITT, and CITY OF RENO, | |
| Defendants. | |

James O'Doan sues the City of Reno and two Reno police officers, asserting claims under the Americans with Disabilities Act, under 18 U.S.C. § 1983, and under state law. ECF No. 1. The defendants move to dismiss O'Doan's complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6). ECF No. 10. O'Doan opposed the motion, and the defendants replied. ECF Nos. 16, 18. The court heard oral argument regarding the motion on November 16, 2017. ECF No. 32. The court now denies the defendants' motion to dismiss, denying the majority of the parties' requests for judicial notice and accepting as true the well-pleaded allegations in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (detailing the legal standard under Rule 12(b)(6)).

The court denies the parties' request for judicial notice in regards to: (1) the recordings of the 911 calls; (2) the police officers' reports; (3) the fire department's report; (4) the merged 911 dispatch report; (5) the probable cause declaration; (6) the medical discharge papers; and (7) the photographs of O'Doan. The content and the images in these documents are neither generally known within this jurisdiction nor capable of certification by a reasonably unquestionable source. *See* Fed. R. Evid. 201(b) (permitting judicial notice of facts "not subject to reasonable

1

1  dispute [because] it is either (1) generally known within the territorial jurisdiction of the trial
2  court or (2) capable of accurate and ready determination by resort to sources whose accuracy
3  cannot reasonably be questioned."); *see also Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir. 1985)
4  (holding that the content of a police report is not a proper subject for judicial notice), *cited with*
5  *approval in United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003). Further, the documents
6  recite disputed facts and center on the disputed issues. Accordingly, the above-listed documents
7  are not subject to judicial practice for purposes of the defendant's F.R.C.P. 12(b)(6) Motion to
8  Dismiss. But the court recognizes its ability to judicially notice the Reno Justice Court's case
9  summary sheet from the underlying criminal action. *See Reyn's Pasta Bella, LLC v. Visa USA,*
10 *Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (stating courts may take judicial notice of matters of
11 public record). However, the defendants raised the defense of issue preclusion for the first time
12 at oral argument; the issue was not fully briefed. The court therefore invites future briefing
13 regarding issue preclusion, which would allow the court to make an informed decision.

14     Further, from the parties' motions, oral arguments, and requests for judicial notice, the
15 court recognizes the substantial amount of evidence that this case entails. The court also
16 recognizes that there are important issues that deserve the court's consideration, including issues
17 relating to issue preclusion and qualified immunity. But for purposes of this motion and in light
18 of the court's ruling in regards to the judicial-notice requests, the court must accept the
19 complaint's well-pleaded facts as true. The court therefore denies the defendants' motion without
20 prejudice. When the evidence and undisputed facts come before the court in an admissible
21 manner, the court will fully consider them. But a 12(b)(6) motion does not allow the court to do
22 so here.

23     IT IS THEREFORE ORDERED that defendants Joshua Sanford, Cade Leavitt, and the
24 City of Reno's Motion to Dismiss (ECF No. 10) is **DENIED without prejudice.**

25     IT IS SO ORDERED.
26     DATED this 21st day of November, 2017.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2