KARL HALL
Reno City Attorney
MARK HUGHS
Nevada Bar #5375
Post Office Box 1900
Reno, NV 89505
(775) 334-2050
*Attorneys for City of Reno,*
*Officer Joshua Sanford, and*
*Officer Cade Leavitt*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

JAMES O'DOAN,

        Plaintiff,

vs.

RENO POLICE OFFICER JOSHUA SANFORD, RENO POLICE OFFICER CADE LEAVITT, and THE CITY OF RENO, a political subdivision of the State of Nevada; and JOHN DOES I through X, inclusive.

        Defendants.

Case No.: 3:17-CV-00293-LRH-VPC

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

Defendants City of Reno ("City"), Joshua Sanford and Cade Leavitt, by and through their attorneys, Reno City Attorney Karl S. Hall and Deputy City Attorney Mark A. Hughs, hereby respond, on behalf of the named defendants only, to Plaintiff's Amended Complaint for Damages and Declaratory Relief ("Complaint", ECF #7) by admitting, denying and averring as follows:

    1.    Defendants admit the allegations of paragraphs 19, 28 and 51 of the Complaint.

    2.    Defendants deny each and every allegation contained in paragraphs 17, 23, 30, 32, 34, 35, 36, 39, 40, 42, 43, 44, 45, 46, 48, 49, 50, 52, 53, 54, 57, 58, 59, 60, 61, 65, 66, 67, 69, 70, 71, 74, 76, 77, and 78 of the Complaint.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 3, 4, 5, 9, 10, 13, 14, 16, 21, 22, 24, 26, 27, 37, 38, 55, 62, 72, 75 and 79 of the Complaint and therefore deny all allegations asserted in those paragraphs.

4. With regard to all allegations based on unstated, unknown or unascertainable information, documents or things which are not part of the Complaint, future amendment or augmentation of the Complaint, generalized statements regarding medical conditions, or Plaintiff's claims, intentions, potential future actions and/or information or belief, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny the same.

5. With regard to all allegations containing citations to statutory or case law, assertions regarding the interpretation, meaning or applications of such law, or general assertions about any law or a body of law, such allegations are not factual allegations to which a response is required. Except where otherwise clearly indicated, Defendants do not adopt, admit or deny Plaintiffs allegations concerning any law or its interpretations, and this paragraph is the response to such allegations.

6. With regard to the allegations contained in paragraphs 6 and 7 of the Complaint, Defendants admit Sanford and Leavitt were employed by the City as police officers at the time of the of the incident at issue, that Sanford is still employed in such a capacity, and that they were acting within the scope of their employment. Defendants deny each and every remaining allegation in paragraphs 6 and 7 of the Complaint.

7. With regard to the allegations contained in paragraph 8 of the Complaint, Defendants admit all allegations not concerning the application of the specific law referenced therein. (See paragraph 5 of this Answer.)

8. With regard to the allegations contained in paragraphs 11 and 12 of the Complaint, Defendants admit Ms. O'Frea made emergency calls, and spoke with operators from various agencies. As the allegations are not clear as to what was reported to whom, Defendants

are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 11 and 12 of the Complaint and therefore deny the same.

9. With regard to the allegations contained in paragraph 15 of the Complaint, Defendants admit O'Doan walked from his home completely naked. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint and therefore deny the same.

10. With regard to the allegations contained in paragraphs 18 and 64 of the Complaint, Defendants admit Sanford performed a police defensive move known as a reverse reap throw after O'Doan did not comply with commands. Defendants deny each and every remaining allegation contained in paragraphs 18 and 64 of the Complaint.

11. With regard to the allegations contained in paragraph 20 of the Complaint, Defendants admit O'Doan was transported to Renown and treated by Dr. Di Rocco. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Complaint and therefore deny the same.

12. With regard to the allegations contained in paragraph 25 of the Complaint, Defendants admit O'Doan was transported in a prisoner transport vehicle. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Complaint and therefore deny the same.

13. With regard to the allegations contained in paragraph 29 of the Complaint, Defendants admit a second violation of NRS 201.220 triggers the application of certain sex offender laws. Defendants' incorporate by reference paragraph 5 of this Answer in response to the remainder of the allegations in paragraph 29 of the Complaint.

14. With regard to the allegations contained in paragraph 31 of the Complaint, Defendants deny there was any clear evidence of epilepsy or seizure at the time they wrote their reports, and admit their reports accurately reflect the state of their knowledge.

15. In response to paragraphs 33, 41, 47, 56, 63, 68 and 73 of the Complaint, Defendants incorporate and reassert their responses to the paragraphs referenced therein.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. By his actions, Plaintiff waived any claims against the Defendants and released the Defendants from any claims and liability.  Therefore, Plaintiff is estopped from bringing his claims and seeking and recovering any damages.

3. Defendants have qualified, discretionary and good faith immunity from the claims of the Plaintiff.

4. Defendants are immune from this action and any liability pursuant to Nevada Revised Statutes Chapter 41, including but not limited to Nevada Revised Statute 41.032.

5. Plaintiff's claims are barred to the extent he failed to mitigate his damages.

6. Plaintiff's damages were caused by the conduct of independent intervening causes and third parties over which Defendants had no influence or control.  Defendants are neither responsible nor liable for such independent causes and actions.

7. Plaintiff's alleged damages were directly, proximately and legally caused by his own intentional and/or negligent actions.

8. All actions taken by the Defendants were reasonable, proper and justified, and therefore cannot form a basis for liability.

9. Any liability of the Defendants, if any, is limited by Nevada Revised Statute 41.035.

10. The injuries and damages alleged in the Complaint were caused in whole or in part by the comparative negligence/negligence per se, of Plaintiff.  Any liability of Defendants is accordingly reduced in whole or in part.

11. Plaintiff's alleged injuries and conditions were caused, and/or resulted from, in whole or part, pre-existing conditions neither caused by, nor contributed to, by Defendants.

Defendants reserve the right to amend this pleading to include any additional or further affirmative defenses as their bases become known and relevant.

//

Wherefore, Defendants pray for judgment as follows:

1. For judgment in their favor, and against Plaintiff on all claims and defenses of the parties;

2. For an award of all costs and attorney's fees incurred; and

3. For any additional or further relief this Court may deem just and proper.

DATED: December 5, 2017.

    KARL S. HALL
    Reno City Attorney

By: /s/ Mark A. Hughs
    MARK A. HUGHS
    Deputy City Attorney
    Nevada State Bar #5375
    Post Office Box 1900
    Reno, Nevada 89505
    *Attorneys for City of Reno, Joshua Sanford and Cade Leavitt*

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the RENO CITY ATTORNEY'S OFFICE, and that on this date, I am serving the foregoing document(s) on the party(s) set forth below by:

__X__    Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices.

_____    Personal delivery.

_____    CM/ECF electronic service

_____    Facsimile (FAX).

_____    Federal Express or other overnight delivery.

_____    Reno/Carson Messenger Service.

addressed as follows:

Luke Busby, Esq.
316 California Ave #82
Reno, NV 89509

DATED this __5th__ day of December, 2017.

/s/ Katie Wellman
Katie Wellman
Legal Assistant