# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

JAMES O'DOAN,

Plaintiff,

v.

RENO POLICE OFFICER JOSHUA SANFORD; RENO POLICE OFFICER CADE LEAVITT; CITY OF RENO, a political subdivision of the State of Nevada; and JOHN DOES I through X, inclusive,

Defendants.

Case No. 3:17-cv-00293-LRH-VPC

ORDER

Plaintiff James O'Doan moves for leave to file two exhibits under seal with his response to the pending motion for summary judgment. ECF No. 43. The first exhibit (Exhibit 13) contains O'Doan's medical records from Renown Regional Medical Center. *Id.* The second exhibit (Exhibit 14) contains O'Doan's discharge papers from Renown Regional Medical Center. *Id.* The court now grants the motion, finding that compelling reasons support filing the exhibits under seal.

**I.  BACKGROUND**

O'Doan sues the City of Reno and two Reno police officers for violations of the Americans with Disabilities Act, 18 U.S.C. § 1983, and state law. ECF No. 7. He alleges the violations occurred during an interaction between the parties in July 2016. *Id.* Due to the nature of his claims, this matter necessarily involves O'Doan's medical history. *See* ECF Nos. 7, 43. The medical history includes records and discharge papers that contain confidential information

1

1  but relate to the underlying incident. *See* ECF Nos. 42, 43. In August 2017, the parties stipulated to a protective order to safeguard confidential information obtained in connection with this case. ECF Nos. 23, 25.

Now, the defendants have moved for summary judgment. ECF No. 39. O'Doan filed a response in opposition to the motion. ECF No. 42. O'Doan included multiple exhibits to his response. ECF No. 42. Two of the exhibits—Exhibit 13 and Exhibit 14—contain the aforementioned confidential medical reports. ECF Nos. 42, 43. Because of the confidential nature of the two exhibits, O'Doan moves to file them under seal. *Id.*

## II.  LEGAL STANDARD

The Ninth Circuit recognizes a strong presumption of public access to judicial records. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party moving to file a document under seal must overcome that strong presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). To overcome the presumption in the context of a dispositive motion, the moving party must show compelling reasons that support maintaining the secret nature of the documents. *Kamakana*, 447 F.3d at 1180. The compelling reasons must outweigh the public's interest in having access to the judicial records and in understanding the judicial process. *Id.* at 1178–79.

The moving party cannot meet its burden by asserting conclusory statements about the confidential nature of the documents. *Id.* at 1182. The moving party must instead provide "compelling reasons supported by specific factual findings." *Id.* To grant a motion to seal court documents, the court must cite the compelling reasons on which it basis its ruling and must not rely on hypothesis or conjecture. *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

## III.  DISCUSSION

O'Doan moves for leave to file under seal two exhibits attached to his response to the defendants' motion for summary judgment. The exhibits contain O'Doan's medical records and hospital discharge papers that relate to the underlying incident. O'Doan argues that compelling reasons support his request, including: (1) the confidential nature of the documents based on the

2

medical content; (2) the protected status of the information based on the Health Insurance Portability Act of 1996; and (3) the protected status of the information based on the protective order. ECF No. 43. After reviewing the two exhibits, the court agrees. Both the content of the documents and the protected status of the documents support a decision to admit the exhibits under seal. Further, the decision minimally affects the public's access to court documents, because the substantive response to the pending motion for summary judgment and the other attached exhibits will be left unsealed. The court therefore grants O'Doan's motion for leave to file Exhibit 13 and Exhibit 14 under seal, finding that compelling reasons support maintaining the confidential nature of the documents despite the presumption favoring public access.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that James O'Doan's motion for leave to file exhibits to response in opposition to motion for summary judgment under seal (ECF No. 43) is **GRANTED.** Exhibit 13 (O'Doan's medical records from Renown Regional Medical Center) and Exhibit 14 (O'Doan's discharge papers from Renown Regional Medical Center) to O'Doan's response (ECF No. 42) may be filed and may remain under seal.

IT IS SO ORDERED.

DATED this 21st day of May, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE